```
___ FILED         ___ RECEIVED
___ ENTERED       ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

         JAN 19 2011

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES D. OFELDT,<br>#81842 | |
| Plaintiff, | 3:10-cv-00494-RCJ-RAM |
| vs. | **ORDER** |
| ELDON K. MCDANIEL, *et al.*, | |
| Defendants. | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On November 30, 2010, the court dismissed plaintiff's complaint with leave to amend (docket #9). Plaintiff has filed an amended complaint (docket #12) as well as a motion for appointment of counsel (docket #13).

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion seeking the appointment of counsel in this case (docket #13). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir.

1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings. In his motion for counsel, plaintiff states that he suffers from serious mental illness and has had assistance in his filings but that the inmate who helps him will no longer be able to assist. Plaintiff's claims do not appear to be particularly complex, however, and to date, his filings articulate his claims well. The court will not enter an order directing the appointment of counsel; plaintiff's motion is denied without prejudice.

The court now reviews the amended complaint (docket #12).

**II. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*,

1  232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the
2  elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief
3  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965
4  (2007). "The pleading must contain something more...than...a statement of facts that merely creates a
5  suspicion [of] a legally cognizable right of action." *Id.* In reviewing a complaint under this standard, the
6  court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital*
7  *Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and
8  resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

9          Allegations in a *pro se* complaint are held to less stringent standards than formal
10 pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.
11 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
12 Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the
13 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
14 conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of
15 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
16 allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*
17 *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

18         To sustain an action under section 1983, a plaintiff must show (1) that the conduct
19 complained of was committed by a person acting under color of state law; and (2) that the conduct
20 deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689
21 (9th Cir. 2006).

22 **III. Instant Complaint**

23         Plaintiff, who is currently incarcerated at Ely State Prison ("ESP"), has sued ESP Warden
24 Eldon K. McDaniel. Plaintiff claims that the living conditions in ESP disciplinary segregation ("DS")
25 violate the Eighth Amendment. Plaintiff alleges the following: that he has been nearly continuously in
26 DS since his arrival at ESP in 2005. He is completely isolated, locked up 24 hours a day with the

3

exception of one 15-minute shower every three days and five hours per week outdoor exercise. The meals are inadequate in nutrients and volume, DS inmates are prohibited from purchasing food from the canteen, and he has lost thirty pounds. DS inmates are prohibited from purchasing pain relievers, basic hygiene necessities, sheets, blankets, thermals and other items. He is denied any religious materials because he practices Asatru and the ESP chapel has no Asatru materials. The mentally ill inmates that are housed in disciplinary units instead of receiving treatment cause continuous "nerve-shattering" noise of banging on doors, flooding, fires, screaming, etc. Despite his serious mental illness and organic brain injury he receives no mental health treatment and is barred from any rehabilitative programs. Several times officers have laughingly sprayed pepper spray into his cell with no legitimate penological reason, but just for cruelty's sake. He alleges that the conditions are atypical and a substantial burden in relation to the normal incidents of prison life. Plaintiff has grieved these issues to the warden. He claims Eighth Amendment and First Amendment violations.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "No static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). However, "The Constitution 'does not mandate comfortable prisons.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes*, 452 U.S. at 349).

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal measure of life's necessities'[.] . . .
>
> The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'

*Farmer*, 511 U.S. at 834.

4

1  For example, "[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (*en banc*); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995); *Allen v. City of Honolulu*, 39 F.3d 936, 938-939 (9th Cir. 1994); *LeMaire v. Maass*, 12 F.3d 1444, 1457-58 (9th Cir. 1993); *Toussaint v. Yockey*, 722 F.2d 1490-1492-93 (9th Cir. 1984). "[A] temporary denial of outdoor exercise with no medical effects[, however,] is not a substantial deprivation." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *see also Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). Prison officials may restrict outdoor exercise on the basis of weather, unusual circumstances, or disciplinary needs. *See Spain*, 600 F.2d at 199. "The cost or inconvenience of providing adequate [exercise] facilities [, however,] is not a defense to the imposition of cruel punishment." *Id.* at 200.

With plaintiff's claims of nearly continuous disciplinary segregation, taken together with the totality of the living conditions that he alleges, he states an Eighth Amendment claim.

Plaintiff has alleged a separate count for violation of his First Amendment rights with respect to the denial of religious materials to DS inmates other than those available at the ESP chapel. Plaintiff states that he is a member of Asatru, that the ESP chapel has no such materials, and that he is prohibited from ordering materials via mail.

The First Amendment to the United States Constitution states in pertinent part, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof..." In order for a religious claim to merit protection under this clause, the claim must first meet two criteria: (1) the proffered belief must be sincerely held; and (2) "the claim must be rooted in religious belief, not in 'purely secular' philosophical concerns." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981). That is, "whether the plaintiff's claim is related to his sincerely held religious belief." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); *see also Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). If a regulation infringes on a "sincerely held religious belief" it is only valid if it is "reasonably related to

5

legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). To merit protection under the First Amendment, a religious claim must be sincerely held and must be "rooted in religious belief, not in 'purely secular' philosophical concerns." *Malik*, 16 F.3d at 333 (internal citations omitted); *Shakur*, 514 F.3d at 885 (9th Cir.2008).

The relevant Turner factors in determining whether a regulation, or its application in a particular situation, is reasonable are as follows: (1) whether there is a valid, rational connection between the regulation and a legitimate and neutral government interest, (2) whether there are alternative means of exercising the constitutional right, (3) the impact the accommodation of the right will have on prison staff and other prisoners, and (4) whether the regulation is an exaggerated response to prison concerns, in light of readily available alternatives. *Turner*, 482 U.S. at 89-91, 107 S.Ct. 2254.

Plaintiff also claims violations of his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq., which provides in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

Claims brought under RLUIPA are subject to a strict scrutiny standard, as opposed to the reasonableness standard employed in cases involving constitutional violations. *See Henderson v. Terhune*, 379 F.3d 709, 715 n. 1 (9th Cir. 2004). RLUIPA mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard outlined above under *Turner*. *Shakur*, 514 F.3d at 888. To establish a RLUIPA violation, the plaintiff bears the initial burden to prove the defendants' conduct places a "substantial burden" on his "religious exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir.2005). Once the plaintiff establishes a substantial burden, defendants must prove the burden both furthers a compelling governmental interest and is the least restrictive means of achieving that interest. *Id.* at 995. RLUIPA is "to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Warsoldier*, 418 F.3d at 995

(citing 42 U.S.C. § 2000cc-3(g)). RLUIPA broadly defines "religious exercise" as " 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.' " *Warsoldier*, 418 F.3d at 994 (quoting 42 U.S.C. § 2000cc-2(a)). In fact, RLUIPA "bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion." *Cutter v. Wilkinson*, 544 U.S. 709, 725, n. 13, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005). The Ninth Circuit defines substantial burden as one that is " 'oppressive' to a 'significantly great' extent. A 'substantial burden', on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Warsoldier*, 418 F.3d at 995 (quoting *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir.2004)). The burden must prevent the plaintiff "from engaging in [religious] conduct or having a religious experience." *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058, 1091 (9th Cir.2008) (internal citations omitted).

First, the court takes judicial notice of its docket and notes that this claim constituted the single count in an action by plaintiff that was dismissed on October 8, 2010. *See Ofeldt v. State of Nevada, et al.*, 3:10-cv-00420-LRH-VPC. The court reconsiders this claim in light of plaintiff's alleged long-term confinement in DS. However, plaintiff merely states, without elaboration, that he is a member of Asatru, the ESP chapel has no Asatru materials, and he cannot order them from the outside. Plaintiff then quotes from *Shaker v. Schriro* regarding what constitutes a "substantial burden" under RLUIPA. 514 F.3d 878 (9th Cir. 2008). Plaintiff sets forth no facts demonstrating a substantial burden on his practice of his religion. The gravamen of plaintiff's claims is that the totality of his conditions of confinement violate the Eighth Amendment. Plaintiff fails to state a claim for which relief may be granted under either the First Amendment or RLUIPA. Accordingly, count II is dismissed.

No other claims are stated in this complaint.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's Eighth Amendment claims, set forth in count I of his first amended complaint (docket #12) **MAY PROCEED**.

**IT IS FURTHER ORDERED** that count II of plaintiff's first amended complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant(s) shall file and serve an answer or other response to the amended complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (docket #13) is **DISMISSED** without prejudice.

DATED this 19th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE

```
Name
_____
Prison Number
_____
Address
_____
_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____,                )   Case No. _____
              Plaintiff,                )
                                        )
v.                                      )   **NOTICE OF INTENT TO**
                                        )   **PROCEED WITH MEDIATION**
_____                 )
                                        )
_____                 )
              Defendants.               )
_____                 )

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____
   _____
   _____
   _____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).
   _____
   _____
   _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.


_____
Signature


_____
Name of person who prepared or
helped prepare this document