UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES D. OFELDT, | ) | 3:10-cv–0494-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **REPORT & RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| ELDON K. MCDANIEL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Defendant's Motion to Dismiss. (Doc. # 21.)[1] Plaintiff opposed (Doc. # 23) and Defendant replied (Doc. # 26). After a thorough review, the court recommends the motion be denied.

### I. BACKGROUND

At all relevant times, Plaintiff James D. Ofeldt (Plaintiff) was in custody of the Nevada Department of Corrections (NDOC), housed at Ely State Prison (ESP). (Pl.'s Am. Compl. (Doc. # 12) at 1.) Plaintiff, a *pro se* prisoner, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendant is Eldon K. McDaniel, formerly the Warden at ESP (Defendant). (*Id.* at 2.)

Plaintiff originally filed his Complaint in the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, and Defendant subsequently removed the action to

---

[1] Refers to court's docket number.

federal court. (*See* Doc. # 1.) On screening, the court dismissed the Complaint with leave to amend, and granted Plaintiff's motion to voluntarily strike NDOC as a defendant. (Doc. # 5.)

Plaintiff filed his First Amended Complaint against Defendant, individually, and officially, as Warden of ESP. (Doc. # 12.)  Upon screening the First Amended Complaint, the court allowed Plaintiff to proceed with Count I, alleging a violation of his Eighth Amendment rights related to the conditions of disciplinary segregation at ESP since 2005. (*See* Doc. # 15.) Count II, alleging violation of Plaintiff's religious rights, was dismissed. (*Id*.)

Defendant now moves to dismiss the First Amended Complaint for failure to state a claim upon which relief may be granted. (Doc. # 21.) Specifically, Defendant argues: (1) Plaintiff's operative complaint is predicated on the response given by Defendant to his grievance, which is not a recognized constitutional violation; and (2) Plaintiff fails to sufficiently plead personal participation on the part of Defendant. (*Id*.)

## II.  LEGAL STANDARD

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n*., 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has found that at a minimum, a plaintiff should state enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id*. at 550 (citation omitted). The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Id*. (internal quotations and citation omitted).

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.2d 336, 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable to legal conclusions."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 1950. In addition, *pro se* pleadings must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*."); *Balistreri v. Pacifica Police Dep't*., 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). As a general rule, the court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

In addition, federal courts conduct a preliminary screening in cases where an inmate seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). On screening, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2). The court applies the same standard as it does under Rule 12(b)(6) when screening a complaint for failure to state a claim upon which relief can be granted.

### III.  DISCUSSION

Plaintiff alleges in his First Amended Complaint, that he has been nearly continuously in disciplinary segregation since he arrived at ESP in 2005. (Doc. # 12 at 4.) He asserts that he is completely isolated, locked up twenty-four (24) hours a day with the exception of one (1) fifteen (15) minute shower every three (3) days, and five (5) hours per week of outdoor exercise. (*Id*.) He claims that the meals he is served are inadequate in nutrients and volume; he is prohibited from purchasing food from the canteen, and he has lost thirty (30) pounds. (*Id*. at 6.) He further alleges that disciplinary segregation inmates are prohibited from purchasing pain relievers, basic hygiene necessities, sheets, blankets, thermals, and other items. (*Id*. at 6-7.) He asserts that the mentally ill inmates housed in disciplinary segregation do not receive treatment, but instead cause continuous

"nerve-shattering" noise. (*Id*. at 7.) In addition, despite his own serious mental health condition and brain injury, he alleges that he receives no mental health treatment and is barred from rehabilitative programs. (*Id*. at 8.) He claims that on several occasions officers have laughingly sprayed pepper spray into his cell with no legitimate cause. (*Id*. at 9.)

Defendant argues in his reply brief that Plaintiff's First Amended Complaint focuses entirely on the response given by Defendant to his inmate grievance. (Doc. # 26 at 2.) Defendant is mistaken. Plaintiff's First Amended Complaint alleges more than just a review of a grievance.

In that regard, Plaintiff specifically alleges:

> While some of the conditions complained of were created by other means, the Defendant Warden was officially advised of their violations of Plaintiff's rights by administrative remedy, Log # 2006-29-00707, and has the authority as Warden to correct them, yet refuses to do so. Therefore, all of them fall into his direct participation, to wit:
> 'Personal involvement of Defendant as prerequisite to award of damages under § 1983 may be shown by evidence that on or after being informed of violation through report or appeal, failed to remedy wrong, (or) Defendant created policy or custom under which unconstitutional practices occurred, or allowed continuance of such policy or custom… (or) Defendant was deliberately indifferent to rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.'
> Therefore, the combined effects were presented in totality as prescribed herein, by formal administrative remedy and Defendant did personally and officially stated [sic] that he would take no action to resolve them, making him liable as set forth above.

(Doc. # 12 at 4 (emphasis original).)

Defendant argues that Plaintiff's First Amended Complaint should be dismissed because he merely asserts Defendant's wrong lies in the denial of Plaintiff's grievance, and Plaintiff has not sufficiently alleged Defendant personally participated in the asserted Eighth Amendment violation.

Preliminarily, the court points out that Plaintiff's operative complaint was previously screened, and the court entered an order, *based on the exact same legal standard the court is applying to the instant motion*, *i.e.,* Federal Rule of Civil Procedure 12(b)(6), finding Plaintiff stated a colorable claim that his Eighth Amendment rights were violated in connection with the conditions of confinement at ESP since 2005. (Doc. # 15.) Nonetheless, Defendant now moves to dismiss the First Amended Complaint pursuant to Rule 12(b)(6). For the reasons set forth below,

the court finds *yet again*, that Plaintiff's First Amended Complaint states a colorable Eighth Amendment claim.[2]

While Defendant is correct that responding to a grievance does not provide a basis for a constitutional violation, that is not the "wrong" Plaintiff is asserting. Instead, Plaintiff is alleging that Defendant violated the constitution by creating policies, or allowing policies to continue, that have resulted in the conditions of confinement in disciplinary segregation at ESP, and then failing to act in spite of his knowledge of these conditions. (Doc. # 12.)

The Ninth Circuit's opinion in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) is instructive. There, the district court dismissed plaintiff Starr's complaint under Rule 12(b)(6), reasoning that he did not sufficiently allege Sheriff Baca's personal participation in the alleged constitutional violation. *Id*. at 1205.

In *Starr*, the Ninth Circuit reiterated, "[w]e have long permitted plaintiffs to hold supervisors individually liable in § 1983 suits *when culpable action, or inaction, is directly attributed to them*. We have never required a plaintiff to allege that a supervisor was physically present when the injury occurred." *Starr*, 652 F.2d at 1205 (emphasis added).

> [T]o be held liable, the supervisor need not be 'directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury.' Rather, the supervisor's participation could include his 'own culpable action or inaction in the training, supervision, or control of his subordinates,' 'his acquiescence in the constitutional deprivations of which the complaint is made,' or 'conduct that showed a reckless or callous indifference to the rights of others.'

*Id*. at 1205-06 (internal citations omitted).

Here, as in *Starr*, 652 F.3d at 1206, Plaintiff alleges unconstitutional conditions of confinement violating the Eighth Amendment's prohibition against cruel and unusual punishment, based on a theory of deliberate indifference. (Doc. # 12.) Under such a theory, "[a] showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's

---

[2] The language from Plaintiff's First Amended Complaint quoted above with respect to Defendant's alleged personal involvement therein would necessarily have been addressed when the court undertook its initial screening of that pleading. Thus, this review represents the court's second analysis of whether Plaintiff's First Amended Complaint, evaluated under Rule 12(b)(6) standards, sets forth a colorable claim against Defendant. The court once again concludes the allegations, taken as true at this stage of the proceeding, and liberally interpreted in favor of the *pro se* Plaintiff, state a colorable claim under 42 U.S.C. § 1983.

5

Eighth Amendment rights is sufficient to demonstrate the involvement- and the liability- of that supervisor." *Id*. at 1206-07. "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action of his or her subordinates." *Id*. at 1207.

A defendant may be held liable as a supervisor under § 1983 "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr*, 652 F.3d at 1207 (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). "'The requisite causal connection can be established…by setting in motion a series of acts by others,' or by 'knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.'" *Id*. at 1207-08 (internal citations omitted).

In *Starr*, the Ninth Circuit illustrated this concept by describing the circumstances presented in *Redman v. City of San Diego*, 942 F.2d 1435 (9th Cir. 1991), which the court finds bears repeating here:

> In *Redman*, the plaintiff alleged that the facility in which he was confined was overcrowded; that the Sheriff knew the facility was not a proper place to detain him and posed a risk of harm but had placed him there anyway; and that the Sheriff was ultimately in charge of the facility's operations. 942 F.2d at 1446-47. Reversing the district court's grant of a directed verdict in favor of the Sheriff, we concluded that a reasonable jury could have found that the Sheriff was deliberately indifferent to the plaintiff's safety. *Id*. at 1447-48. Such a jury could have found that the Sheriff 'knew or reasonably should have known of the overcrowding' and that 'he acquiesced in a deficient policy that was a moving force behind' the harm caused to the plaintiff.' *Id*. at 1447.

*Starr*, 652 F.3d at 1208. Moreover, "'acquiescence or culpable indifference' may suffice to show that a supervisor 'personally played a role in the alleged constitutional violations.'" *Id*. (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005)).

This case is analogous to *Redman*. Here, Plaintiff alleges that a variety of conditions of his confinement in disciplinary segregation at ESP violate his Eighth Amendment rights, that Defendant was aware of these conditions, and that Defendant put the policies in place that led to these conditions. (Doc. # 12.) He also asserts that as Warden, Defendant was in charge of the facilities' operations, yet did nothing to remedy the situation. (Doc. # 12.) Taking the allegations of

6

the operative complaint as true, as the court must at this juncture, Plaintiff's amount to an assertion that Defendant knew or reasonably should have known of the alleged conditions and "acquiesced in a deficient policy that was a moving force" behind the harm caused to Plaintiff. *See Starr*, 652 F.3d at 1208; *Redman*, 942 F.2d at 1447.

The court reiterates that "[t]he theory of Rule 8(a), and of the federal rules in general, is notice pleading[,]" and "under the federal rules a complaint is required only to give the notice of the claim such that the opposing party may defend himself or herself effectively." *Starr*, 652 F.3d at 1212. "The theory of the federal rules is that once notice-giving pleadings have been served, the parties are to conduct discovery in order to learn more about the underlying facts." *Id*. That does not change the fact that the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and "the factually allegations that are taken as true must plausibly suggest an entitlement to relief[.]" *Id*. at 1216.

Therefore, the court finds, once again, as it did on screening, that Plaintiff's First Amended Complaint contains sufficient factual allegations to withstand Defendant's motion to dismiss. For the foregoing reasons, the court recommends that Defendant's Motion to Dismiss (Doc. # 21) be denied.[3]

///

///

///

---

[3] As indicated herein, the court is concerned with defense counsel's very narrow interpretation of Plaintiff's First Amended Complaint, and the grounds counsel relies on to prosecute Defendant's motion. The court's concern is compounded by the fact that the court has already completed an initial screening of Plaintiff's First Amended Complaint, which applied *the same legal standard* it is applying now. While the court appreciates that circumstances may arise where there is an oversight in the initial screening of a pleading, thus making a motion to dismiss under Rule 12(b)(6) appropriate, this is not such an occasion.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order that Defendant's Motion to Dismiss (Doc. # 21) be **DENIED**.

The parties should also be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections tot his Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: December 5, 2011

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE