**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES D. OFELDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:10-cv-00494-RCJ-WGC |
| vs. ) | |
| ) | |
| ELDON K. MCDANIEL et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This prisoner civil rights case arises out of an alleged Eighth Amendment violation stemming from Plaintiff's disciplinary segregation at Ely State Prison ("ESP") since 2005, as well as alleged First Amendment and RLUIPA violations. The Court permitted only the Eighth Amendment claim to proceed past the screening stage. The sole remaining Defendant, Eldon K. McDaniel, the warden at ESP during the relevant time, has moved to dismiss due to the impropriety of the respondeat superior theory Plaintiff asserts under 42 U.S.C. § 1983. The magistrate judge has recommended denying the motion. For the reasons given herein, the Court respectfully disagrees and will grant the motion.

First, the Court notes that it has never addressed the question of whether McDaniel can be held liable under § 1983 as the supervisor of those directly involved in the alleged violations. The magistrate judge concludes that because the present motion under Rule 12(b)(6) is governed by the same standard as a screening order under 28 U.S.C. § 1915A, and because the Court permitted the Eighth Amendment claim to proceed past screening, that McDaniel's present motion under the same standard fails. This does not necessarily follow. A dispositive motion

under either Rule 12(b) or Rule 56(a) may be based on a myriad of arguments, e.g., lack of jurisdiction, lack of harm, lack of proximate cause, a statute of limitations, etc., and a court's ruling that a plaintiff has stated a claim as a general matter, i.e., that a plaintiff has sufficiently alleged facts making out the elements of a claim, does not necessarily foreclose subsequent motions under the same standard that bring more specific legal issues to a court's attention. The supervisory liability argument before the Court is therefore not foreclosed by the Court's previous finding that Plaintiff had sufficiently pled the elements of an Eighth Amendment claim as a general matter. And unlike a party who is barred by Rule 12(g)(2) from making a successive motion to dismiss based upon an argument available to it when it filed its previous motion, this is McDaniel's first motion. He had no opportunity to argue the present issue to the Court, and a court conducting an automatic screening will not always notice all possible arguments against the sufficiency of a complaint. It is appropriate for a defendant to bring those issues to the Court's attention later via the adversary process.

Second, the Court disagrees that McDaniel can be personally liable under § 1983 as the First Amended Complaint is pled. There is no respondeat superior liability under § 1983. *E.g.*, *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1151 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). A supervisor can be held liable under § 1983 without committing the act himself or even being present when another commits it, but only if he directly sets into motion the particular violation at issue via his supervisory authority or refuses to stop actions of which he is or should be aware. *See Starr v. Baca*, 652 F.3d 1202, 1205–07 (9th Cir. 2011). Under this standard, the magistrate judge reasonably opined that McDaniel as warden could potentially be held personally liable for deliberate indifference to the allegedly unconstitutional conditions complained of in disciplinary segregation at ESP, because McDaniel is alleged to have put in place the policies that led to those conditions and was aware of those conditions but did not remedy them.

1  But the magistrate judge did not have the benefit of *Hydrick v. Hunter*, No. 03-56712,
2  2012 WL 89157 (9th Cir. Jan. 12, 2012), which case distinguished *Starr*.  In *Hydrick*, the
3  plaintiff complained of unconstitutional conditions of confinement, as Plaintiff does here, and
4  the Court of Appeals ruled that the complaint did not satisfy *Iqbal* with respect to supervisory
5  liability under § 1983, because "there is no allegation of a specific policy implemented by the
6  Defendants or a specific event or events instigated by the Defendants that led to these
7  purportedly unconstitutional searches." *Id.* at *4.  The same is true here.  Plaintiff complains of
8  the conditions in disciplinary segregation at ESP but does not identify any specific policies
9  implemented by McDaniel leading to the alleged harms or any specific events instigated by
10  McDaniel himself.

## CONCLUSION

12  IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 30) is
13  REJECTED.
14  IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 21) is GRANTED,
15  with leave to amend.
16  IT IS SO ORDERED.
17  Dated this 15th day of February, 2012.

_____
ROBERT C. JONES
United States District Judge